# SUPREME COURT.

## DAVID K. McCARTHY agt. REBA W. McCARTHY.

*Summons — substituted service — motion to set aside — where to be heard — jurisdiction.*

An order for a substituted service of a summons is the granting of a *"provisional remedy,"* within the meaning of the term as used in the Code of Civil Procedure.

A motion to set aside a substituted service of a summons can only be made, and the relief granted, "within the judicial district in which the action is triable, or in a county adjoining that in which it is triable" (*Code of Civil Procedure, secs.* 769, 772).

Where a judge of another judicial district, while holding special term in the city of New York, granted an order for a substituted service of the summons in an action triable in the county of Onondaga, and afterwards, on papers submitted on the part of defendant, made an order, returnable before himself at the city of New York, requiring the plaintiffs to show cause why said order should not be revoked, and the service under said order be set aside and held for naught. On the return day of such order, the parties appeared by their counsel, and by agreement the hearing was postponed to a future day at the judge's chambers in the city of Kingston.

*Held,* that, as the order sought to be vacated granted a "provisional remedy," the judge making the original order has no power to vacate it.

*Held,* further, that the counsel's consent to the postponement of the hearing to a future day, at the judge's chambers in the city of Kingston, did not operate to give the judge power to grant the relief sought. The consent was to hear the matter of which the order to show cause gave notice before that judge, at his residence in Kingston. When heard, the counsel was at liberty to raise any question which was fairly involved.

MOTION to set aside a substituted service of a summons.

*Mr. A. C. Davis,* for defendant and motion.

*Mr. Frank Hiscock,* for plaintiff and opposed.

McCarthy agt. McCarthy.

WESTBROOK, *J.*— On the fourth day of September last the justice, to whom, as a judge, the present application is made, under sections 435 and 436 of " The Code of Civil Procedure," granted an order for a substituted service of the summons in this action, upon the defendant. The place of trial of the action is the county of Onondaga, and the order was founded upon an affidavit of one Charles H. Hallock, which, in the judgment of the judge making it, established that the defendant was within this state, and that she avoided service, so that personal service could not be made. Upon affidavits and papers submitted on the part of the defendant the judge, who at that time and at the time of the granting of the original order for substituted service was holding the special term at chambers, in the city of New York, on the 20th day of September, 1877, made an order, returnable before himself on the twenty-sixth day of said month of September, at the city of New York, requiring the plaintiff's attorneys to show cause why the order " for substituted service of the summons in the above-entitled cause should not be revoked, and the service under said order be set aside, and held for naught." On the return day of such order the parties appeared by their counsel, and by agreement the hearing was postponed to the sixth day of October last, at the judge's chambers, in the city of Kingston, and the same was then heard.

A preliminary objection is made to the hearing of the motion by the counsel for the plaintiff, to the effect that as the order sought to be vacated granted a provisional remedy, the motion could only be made and the relief granted " within the judicial district in which the action is triable, or in a county adjoining that in which it is triable." The validity of this objection depends upon sections 769 and 772 of " The Code of Civil Procedure," and the same will now be considered.

Section 324 of the old Code, which provided that " an order made out of court, without notice to the adverse party, may

McCarthy agt. McCarthy.

be vacated or modified, without notice by the judge who made it, or may be vacated or modified on notice, in the manner in which other motions are made," and also subdivision 3 of section 401 of said old Code, which provides for the making of orders out of court, are (*see Mr. Throop's note to section* 772 *of the present Code*) consolidated into section 772 of the new statute, which section now reads thus: "When an order in an action may be made by a judge of the court, out of court, and without notice, and the particular judge is not specially designated by law, it may be made by any judge of the court in any part of the state; or, except to stay proceedings after verdict, report or decision, by a justice of the supreme court, or by a judge of a superior city court within the city wherein his court is located, or by the county judge of the county where the action is triable, or in which the attorney for the applicant resides. *Where such an order grants a provisional remedy it can be vacated only in the mode specially prescribed by law ; in any other case it may be vacated or modified, without notice, by the judge who made it, or, upon notice by him or by the court.*" Section 769 of the present Code provides, that " a motion, upon notice, in an action in the supreme court, must be made within the judicial district in which the action is triable, or in a county adjoining that in which it is triable ; except that where it is triable in the first judicial district, and a motion, upon notice, cannot be made in that district, in an action triable elsewhere. But this section does not apply to a case where it is specially prescribed by law, that a motion may be made in the county where the applicant, or other person to be affected thereby, or the attorney resides."

It will be observed that by section 772, above quoted, and by that part which is italicized, the judge who makes an order out of court may vacate it, with or without notice, except where the " order grants a provisional remedy," in which case it can be done " only in the mode specially prescribed by law." Section 769, also above quoted, provides

where and how motions in actions must be made, and as "a provisional remedy" must, if improperly granted, be set aside on motion, it follows that such a motion is controlled by that section. And even if it be not, because not "*specially*" provided for, as the counsel for the defendant argues, it still remains clear that if the order for substituted service granted "a provisional remedy," that the present application must fail because it is made under section 772 to the judge who granted it, and not " in the mode specially prescribed by law." Was the order then for substituted service of the summons, the granting of " a provisional remedy ?" If it was, this motion must be denied for the reason that the judge to whom it is made has no power to grant it.

The word " provisional" is defined (*see Webster's Dictionary*) thus : " Provided for present need, or for the occasion." A "*provisional* remedy" must, therefore, be one which is "provided for present need, or for the occasion," that is, one adapted to meet a particular exigency. It is necessary to the commencement of an action that process should be served upon the defendant. The general rule is, that such service must be personal, and article 1 of title 1 of chapter 5 of the Code provides therefor. As, however, in every case a personal service is impossible, for such emergencies, by article 2 of the same title and chapter provision has been made. That article is entitled " substitutes for personal service in special cases," and, under sections 435 and 436 thereof the order sought to be vacated was made. It was a remedy which the law provided for a "present need." It was not the ordinary one, but it was, to use the language of the title of the provisions giving it, a substitute therefor, and given because the case was a " special" one, to which the ordinary and general mode of procedure was inapplicable and useless. Manifestly, then, the order did grant " a provisional remedy," and the point of the plaintiff's counsel is well taken, unless the expression, " provisional remedy," is used in section 772 of the Code, in some sense other than its

McCarthy agt. McCarthy.

general and ordinary one. The counsel for the defendant contends that it is, and his positions will now be considered.

It is claimed that because section 416 of the Code provides that whilst " a civil action is commenced by the service of a summons," yet it declaring also that " from the time of the granting of a provisional remedy, the court acquired jurisdiction," therefore an order for a substituted service cannot be a provisional remedy, as such a service is one of the modes of service prescribed by law, and " service of a summons " and " a provisional remedy " are referred to as different and distinct things. The section (416) is a part of chapter 5, title 1, article 1 of the Code, before referred to. It is that part of the Code which provides for the commencement of an action by the personal service of the summons. The whole article, its title, which is, " the summons and accompanying papers ; *personal service thereof ;* appearance of the defendant," as well as the title of article 2, shows that the kind of service of a summons which section 416 declares shall commence the action is a personal one. This is made very evident by section 434 of the same article, which provides for " proof of *service* as prescribed in *this* " (the first) " article." As then, it is a " *service* of a summons " which commences the action, using the word " service " in the sense declared by section 416, which meaning is also apparent from the language of the article in which it is contained, as well as from the fact that the service by publication or under section 436 are styled " *substitutes* for personal service in special cases;" and also " *constructive* service of summons," it is apparent that the expression " provisional remedy," contained in said section 416, is not necessarily a different thing from a substituted service of a summons as argued by the counsel for the defendant.

It is further argued that the expression " provisional remedy" only applies to those which are recognized as such by chapter 7 of the present Code, and those are orders of arrest, injunction, and attachment. The title of that chapter is, " General provisional remedies in an action," but nowhere

in that chapter is the expression, "provisional remedy," as used in the Code, defined to refer to those only. The note of Mr. Throop in the beginning of the chapter, in reference to the omission therefrom of proceedings in replevin, as well as the title of title 4 of said chapter, "other provisional remedies," show that whilst that chapter prescribes the practice in the prosecution of some provisional remedies, it has not defined nor limited the term, and has expressly recognized the existence of some, other than those therein provided for. To the mind of any practicing lawyer will occur very many remedies beside those of arrest, injunction, and attachment, which are strictly and literally provisional, and which are, therefore, within the language of section 772.

No other portions of the Code have been referred to, which limit the expression, upon which this objection depends, "provisional remedy," to certain which are specified. As the order was made to meet a particular and pressing exigency which prevented the commencement of the action in the ordinary way, it was one which the law "provided * * * for the occasion," and, therefore, directly and literally within the meaning of the word "provisional," as defined by lexicographers.

It is, however, claimed, that counsel consented that judge WESTBROOK should hear the motion, and therefore such judge has power to grant the relief sought. It will be remembered that the order to show cause was returnable before that judge personally. It could only be heard by him by its plain terms. It was returnable, however, in New York city, and the consent was to hear the matter, of which the order to show cause gave notice, before that judge at his residence in Kingston. In giving that consent, counsel did not stipulate to waive any question which the notice presented. He simply agreed that judge WESTBROOK should hear a matter, which he had made returnable in New York in another place. When heard, the counsel was at liberty to raise any question which was fairly involved.

McCarthy agt. McCarthy.

As we have reached the conclusion that the judge making the original order has no power to vacate it, no discussion of the matter upon the merits has been attempted. The present application is denied without prejudice to its renewal in the appropriate forum.